# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MELODIE PINNER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL BARNES, et al.,<br><br>    Defendants. | Case No. 2:24-cv-00301-APG-NJK<br><br>**Order**<br><br>[Docket No. 57] |

Pending before the Court is Plaintiff's motion for extension of time.[1]  Docket No. 57.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing."  *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed.  *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

Local Rule 26-3 provides that a motion or stipulation to extend a discovery deadline must include:

> (a) A statement specifying the discovery completed;
> (b) A specific description of the discovery that remains to be completed;
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
> (d) A proposed schedule for completing all remaining discovery.

---

[1] The Court liberally construes the filings of pro se litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

Local Rule 26-3(a)-(d).  The instant filing fails to comply with this rule.  Docket No. 57.

In the instant filing, Plaintiff requests that the Court extend the discovery cutoff deadline by thirty days and reconsider a settlement conference.  Docket No. 57.  Plaintiff submits that she is waiting for service on Defendant Kim, does not have Internet or law library access, and does not have access to counsel.  *See id.* at 1.  Although Plaintiff's reasons are insufficient for a showing of good cause, in an effort to resolve this case on its merits, and as a one-time courtesy to the parties, the Court **GRANTS** Plaintiff's motion for extension of time.  Docket No. 57.

As to Plaintiff's request that the Court reconsider a settlement conference, the Court declines to do so.  The Court has already explained that "settlement discussions may take place directly between the parties and counsel and need not involve the Court."  Docket No. 56 at 1; *see also* Docket No. 44.

IT IS SO ORDERED.

Dated: October 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge